# United States Court of Appeals
## For the First Circuit

No. 11-1145

GENTIAN HAJDARI,

Petitioner,

v.

ERIC H. HOLDER, JR., ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF

THE BOARD OF IMMIGRATION APPEALS

Before

Boudin and Lipez, Circuit Judges,

and Smith,* District Judge.

Desmond P. FitzGerald and FitzGerald & Company, LLC on brief for petitioner.

Imran R. Zaidi, Office of Immigration Litigation, Department of Justice, Tony West, Assistant Attorney General, Civil Division, and Stephen J. Flynn, Assistant Director, on brief for respondent.

December 5, 2011

_____

*Of the District of Rhode Island, sitting by designation.

**Per Curiam**.  Gentian Hajdari is a native and citizen of Albania who entered the United States on a fraudulent Italian passport in December 2004.  Italy participates in the Visa Waiver Program ("VWP"), which waives the visa requirement for entry into the United States for citizens of certain countries.  8 U.S.C. § 1187(a) (2006).  The program requires that anyone invoking this exemption to enter the United States also waive any right "to contest, other than on the basis of an application for asylum, any action for removal."  Id. § 1187(b)(2).[1]

Hajdari was arrested at the airport on arrival in the United States; thereafter, in subsequent criminal proceedings, he pled guilty to false use of a passport, and he then applied for asylum, withholding of removal and protection under the Convention Against Torture ("CAT").  The gist of the asylum claim was physical abuse Hajdari had allegedly suffered based on his support of the Democratic Party in Albania.  The Immigration Judge ("IJ") rejected the asylum claim on the merits, the Board of Immigration Appeals ("Board") upheld the decision, and this court affirmed.

After the Board's decision but before ours, Hajdari sought--about eight months outside the required ninety-day window for such motions, 8 C.F.R. § 1003.2(c)(2)--to reopen the removal

---

[1]Although Albania is not a participant in the VWP, regulations provide that the waiver requirement apply to those falsely purporting to be citizens of a covered country.  8 C.F.R. § 217.4 (2011).

-2-

proceedings.[2]  Hajdari's claim was that when his attorney had reviewed the certified administrative record in connection with the appeal of the asylum claim to this court, he found "new evidence" indicating that the IJ had lacked jurisdiction because Hajdari's "case was improperly initiated."

The argument was that Hajdari "immediately . . . withdrew" his application for entry, so (counsel argued) he could not be considered a VWP applicant, but rather should have been placed in removal proceedings.  The Board denied the motion; it pointed out that during the administrative proceeding rejecting his asylum application, Hajdari had never argued that he was entitled to contest his removal on grounds other than persecution.

Unlike his original motion to reopen, Hajdari's brief in this court does not phrase his present claim as one challenging jurisdiction.  Rather, Hajdari reframes his argument, focusing on the form he signed as a waiver applicant explicitly waiving any right to contest removal on any grounds other than asylum; the form, he says, was in English and not translated to him.  Thus, he argues, the waiver was not knowing and voluntary and under due process principles cannot be held against him.  This violation was

---

[2]The regulations provide that the Board may grant an out-of-time motion to reopen only if it contains new facts that are material and were not available and could not have been discovered or presented at the former hearing.  8 C.F.R. § 1003.2(c)(1).

compounded, he says, when the IJ announced that the proceedings were "asylum only" before Hajdari and his attorney were present.

If Hajdari did not know the proceeding was restricted, one might have expected him to have asserted other grounds for resisting removal if any existed. Anyway, if he had any such ground and wanted to challenge his waiver, the time to do so was in the original proceedings and not by motion to reopen. See note 2, above. Even now, Hajdari does not deny he sought to enter the country without a proper visa and using a fraudulent passport, so it is not evident what possible ground he had for resisting removal apart from an asylum claim.[3]

Hajdari points to a March 11, 2009, "Notice of Correction" he filed with the Board (after his appeal was filed with the Board but before it rendered its decision), which said that a notice issued by the Board improperly indicated that Hajdari's was an "asylum only" appeal. Hajdari now says that this is evidence of his due diligence; instead, it confirms that the germ of his present claim was known to him before the Board's final decision but was never pressed.

The petition for review is denied.

---

[3]He includes a naturalization certificate from his father dated September 2009. But that such a remedy is now unavailable to him is not a result of the alleged due process violation but of his initial illegal entry into the country.